# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3253 | **DATE** | 6/24/2011 |
| **CASE TITLE** | Tri3 Enterprises, LLC vs. Aetna, Inc et al | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion to transfer this lawsuit to the United States District Court for the District of New Jersey [7]. See 28 U.S.C. 1404(a). The Clerk of Court is directed to transfer this case to the District of New Jersey. Status hearing set for 9/8/11 is stricken.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On May 16, 2011, Plaintiff Tri3 Enterprises, LLC ("Tri3") filed the present Class Action Complaint against Defendants Aetna, Inc., Aetna Health Inc., Aetna Life Insurance Company, Corporate Health Insurance, Inc., and Aetna Insurance Company of Connecticut (collectively "Aetna") for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). Before the Court is Defendants' motion to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). In response to Defendants' motion, "Tri3 takes no position with respect to Defendants' Motion to Transfer this Action to the District of New Jersey." (R. 14, Resp., at 2.) Indeed, Tri3 is amenable to litigating this action in either venue. For the following reasons, the Court, in its discretion, grants Defendants' Section 1404(a) motion and transfers this action to the District of New Jersey.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"In 1948, Congress enacted the federal change of venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.,* 626 F.3d 973, 977 (7th Cir. 2010). More specifically, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under Section 1404(a), the moving party bears the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir. 1986) (citations omitted); *Jarmillo v. DineEquity, Inc.,* 664 F.Supp.2d 908, 913 (N.D. Ill. 2009). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey,* 796 F.2d at 219; *see also Research Automation,* 626 F.3d at 977 (Section 1404(a) gives district courts discretion to adjudicate motions to transfer on a case-by-case consideration of convenience and fairness).

## ANALYSIS

Because Tri3 does not dispute that venue and jurisdiction are proper in both the Northern District of Illinois and the District of New Jersey, the Court turns to whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. In making this determination, the Court looks to both the private and public interests. *See Nalco Co v. Environmental Mgmt., Inc.,* 694 F.Supp.2d 994, 998 (N.D. Ill. 2010); *Methode Elec., Inc. v. Delphi Auto. Sys., LLC,* 639 F.Supp.2d 903, 907 (N.D. Ill. 2009). Private interests include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *See Research Automation,* 626 F.3d at 978; *Nalco,* 694 F.Supp.2d at 998. Factors traditionally considered in the public interest analysis, also known as the "interest of justice" factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law. *See Research Automation,* 626 F.3d at 978; *Coffey,* 796 F.2d at 221. District courts may make any necessary factual findings when determining venue issues. *See In re LimitNone, LLC,* 551 F.3d 572, 577 (7th Cir. 2008).

## I.  Private Interests – Convenience of the Parties and Witnesses

### A.  Plaintiff's Choice of Forum and Location of Material Events

A plaintiff's choice of forum is entitled to deference, but that deference is lessened if the forum does not have a significant relationship to the material events leading to the litigation. *See Research Automation,* 626 F.3d at 979; *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed.1055 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Because Plaintiff takes no position with respect with Defendants' motion to transfer this action to the District of New Jersey and a parallel action exists in the District of New Jersey, this factor weighs in favor of transfer. *See Research Automation,* 626 F.3d at 979.

### B.  Relative Ease of Access to Sources of Proof

Because "transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town," the access to sources of proof factor is neutral. *See Rabbit Tanaka Corp. USA v. Paradies Shops,* 598 F.Supp.2d 836, 840 (N.D. Ill. 2009).

## C. Convenience to the Witnesses

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation,* 626 F.3d at 978. The convenience of the witnesses is often considered the most important factor in the transfer analysis. *See Schwartz v. National Van Lines, Inc.,* 317 F.Supp.2d 829, 836 (N.D. Ill. 2004). "To determine the convenience to the witnesses, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Id.* In addition, the convenience of non-party witnesses is more significant than party witnesses because party witnesses normally appear voluntarily. *See Nalco Co.,* 694 F.Supp.2d at 999; *Amorose v. C.H. Robinson Worldwide, Inc.,* 521 F.Supp.2d 731, 736 (N.D. Ill. 2007).

The crux of this lawsuit is Plaintiff's ERISA challenges to Aetna's Special Investigations Unit ("SIU") in regard to its overpayment demands and use of pre-payment review. In the present motion, Aetna explains that its New Jersey and Connecticut based SIU offices investigate the claims against providers who provide services to Aetna insureds through the United States. Thus, the District of New Jersey would be the more convenient forum in this respect.

## D. Convenience of Parties

Assessing the convenience of the parties requires consideration of the parties' residences and abilities to bear the expense of litigating in a particular forum. *See Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F.Supp.2d 821, 834 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Sys.,* 887 F.Supp. 185, 188 (N.D. Ill. 1995).

Here, although Tri3 is an Illinois limited liability company, it seeks to represent a "Provider ERISA Class" as described below:

> All health care providers who, from six years prior to the filing date of this action to the class certification preliminary order date ("Provider ERISA Class Period"), provided health care services to patients insured under health care plans governed by ERISA and insured or administered by Aetna and who, after having received payments from Aetna, were subjected to retroactive requests for repayment of all or a portion of such payments or had subsequent payments withheld as an offset against the amount allegedly owed.

(R. 1, Compl. ¶ 51.) Because these providers may include companies from all over the country, the convenience of the parties factor is equipoise.

## II. Public Interests – Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation,* 626 F.3d at 978. This element "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey,* 796 F.2d at 220 (internal citations omitted); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation,* 626 F.3d at 978 (internal citations omitted).

## A.    Related Litigation

In determining the interests of justice, courts consider the feasibility of consolidation with related litigation.  *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986).  Here, Aetna maintains that there is a related case now pending in the District of New Jersey, namely, *Association of New Jersey Chiropractors v. Aetna, Inc.,* No. 3:09-cv-03761-JAP-TJB, and thus consolidation may be feasible.  Accordingly, this factor weighs in favor of transferring this case to the District of New Jersey.

## B.    Congestion of Court Dockets and Likelihood of Speedy Trial

"Two statistics bear significant relevance when analyzing the likelihood of a speedy trial."  *Schwarz*, 317 F.Supp.2d at 837.  "The first is the median number of months from filing to disposition, and the second is the median number of months from filing to trial."  *Id.*  According to Federal Court Management Statistics for the twelve month period ending on December 31, 2010, the median number of months from filing to disposition in the Northern District of Illinois is 6.2 months and the median number from filing to trial in the Northern District of Illinois is 26.1.  In the District of New Jersey, the median number of months from filing to disposition is 6.6 months and the median number of months from filing to trial is 40.0.  Accordingly, although the time from filing to disposition is relatively the same, the number of months from filing to trial weighs in favor of not transferring this matter to the District of New Jersey.

## C.    Familiarity with Applicable Law

The familiarity with applicable law factor concerns diversity cases and governing state law.  *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 34, 108 S.Ct. 2239, 101 L.Ed. 22 (1988).  Because this is a lawsuit brought pursuant to ERISA, the familiarity of the governing state law is not in question.  Therefore, this factor is neutral.

## III.    Balancing the Factors

Here, both the public and private factors weigh in favor of transfer to the District of New Jersey, especially because "Tri3 takes no position with respect to Defendants' Motion to Transfer this Action to the District of New Jersey."  (R. 14, Resp., at 2.)  Because Tri3 is amenable to litigating this action in either venue, the Court grants Defendants' motion.